**O**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CYCLES U.S., LLC, et al. )<br>               Plaintiffs, )<br>               )<br>v.               )<br>               )<br>FIRST FUNDS, LLC, et al. )<br>             Defendants. )<br>_____) | CASE NO. ED CV 11-00598 ODW (DTBx)<br><br>ORDER **GRANTING** Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue [19] (Filed 05/23/11) and **VACATING** Hearing Thereon<br><br>ORDER **TRANSFERRING** Case to United States District Court for the Southern District of New York |

## I. INTRODUCTION

Pending before the Court is Defendants First Funds Holdings and Principis Capital, LLC's (collectively, "Defendants") Motion to Dismiss, or in the Alternative, to Transfer Venue. (Dkt. No. 19.) Plaintiffs Cycles U.S., LLC ("Cycles") and Alan Discount ("Discount") (collectively, "Plaintiffs") filed an Opposition on June 6, 2011, to which Defendants filed a Reply on June 13, 2011. (Dkt. Nos. 21, 22.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Thus, the June 27, 2011 hearing on this matter is **VACATED** and no appearances are necessary. For the following reasons, Defendants' Motion is **GRANTED**.

1

## II. BACKGROUND

This case arises out of several merchant cash advance transactions between Cycles and Defendants between August 2007 and August 2010, each of which was personally guaranteed by Discount. (Compl. ¶¶ 5-6; Exh. 1 at 26.) Each of these transactions was evidenced by a written agreement (collectively, the "Agreements"), all of which were allegedly substantially similar. (*See* Compl. ¶ 6; Exh. 1 at 26.) It is undisputed that both the main body of the Agreements and the section discussing Discount's personal guarantee contain forum selection clauses evidencing the parties' agreement to litigate in the State and County of New York.[1] Notwithstanding the forum selection clauses, however, on March 10, 2011, Plaintiffs filed a class action complaint against Defendants in San Bernardino County Superior Court, asserting four claims for relief under California law. (Dkt. No. 1, Exh. 1.) On April 14, 2011, Defendants removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.) Defendants now argue that, in light of the forum selection clauses in the Agreements, Plaintiffs' Complaint should be dismissed in its entirety on the ground of improper venue or that the case should be transferred to the United States District Court for the Southern District of New York. (Dkt. No. 19.)

---

[1] Paragraph fifteen of the Agreements states:
***Governing Law and Jurisdiction.*** This agreement shall be governed by and construed in accordance with the laws of the State of New York. [Cycles] consents to the jurisdiction of the federal and state courts located in the State and County of New York and agrees that such courts shall be the exclusive forum for all actions, proceedings or litigation arising out of or relating to this Agreement or subject matter thereof, notwithstanding that other courts may have jurisdiction over the parties and the subject matter thereof.

(Compl., Exh. 1 at 32.) Additionally, page two of the Agreements states:
ALL ACTIONS, PROCEEDINGS OR LITIGATION RELATING TO OR ARISING FROM THIS GUARANTEE OR UNDERLYING AGREEMENT SHALL BE INSTITUTED AND PROSECUTED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS LOCATED IN THE STATE AND COUNTY OF NEW YORK NOTWITHSTANDING THAT OTHER COURTS MAY HAVE JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER, AND GUARANTOR FREELY CONSENTS TO THE JURISDICTION OF THE FEDERAL OR STATE COURTS LOCATED IN THE STATE AND COUNTY OF NEW YORK.

(Compl., Exh. 1 at 26.)

## III. LEGAL STANDARD

A motion to dismiss based on a forum selection clause is construed as a Rule 12(b)(3) motion to dismiss for improper venue. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996)). On a Rule 12(b)(3) motion, the allegations in the complaint need not be accepted as true and the court may consider facts outside the complaint. *Id.*; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir.2004). The court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in [their] favor . . . ." *Murphy*, 362 F.3d at 1138.

When determining the enforceability of a forum selection clause in this context, federal courts sitting in diversity apply federal law. *See Doe 1*, 552 513 (9th Cir. 1988)). Under federal law, "forum selection clauses are F.3d at 1083 (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" *Murphy*, 362 F.3d at 1140 (quoting *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972)). Nevertheless, there are three scenarios in which enforcement of a forum selection clause may be deemed unreasonable and therefore unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Id.* at 1140.

The non-moving party bears a "heavy burden" when attempting to show that a forum selection clause should not be enforced. *Argueta*, 87 F.3d at 325; *Three Bros. Trucking, Inc. v. Exel Global Logistics, Inc.*, Nos. C 06-1816 WDB, C 06-2583 WDB, 2006 WL 1329883, at *2 (N.D. Cal. May 16, 2006).

## IV. DISCUSSION

Plaintiffs do not attack the validity of the forum selection clauses, which unambiguously state that all actions, proceedings or litigation arising out of or relating to the Agreements shall be instituted in the State and County of New York. Indeed, Plaintiffs concede that they are challenging dismissal of the case or transfer of venue solely on the

ground that enforcement of the forum selection clauses would deprive them of their day in court. (Opp'n at 3.) Consequently, the Court will address only this argument.

### A. ENFORCEMENT OF THE FORUM SELECTION CLAUSES WILL NOT DEPRIVE PLAINTIFFS OF THEIR DAY IN COURT

To establish that enforcement of the forum selection clauses is unreasonable, Plaintiffs must establish that litigating in New York would be "so gravely difficult and inconvenient that [Plaintiffs] will for all practical purposes be deprived of [their] day in court." *Bremen*, 407 U.S. at 18. This is especially true if the "inconvenience . . . suffer[ed] by being forced to litigate in the contractual forum . . . was clearly foreseeable at the time of contracting." *Id.* at 17-18. Absent a showing of such a grave difficulty, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* at 18.

"While financial inability *is* one basis upon which a party can allege a burden to show that a forum selection clause is unenforceable, cases where courts have found the burden met . . . did not involve only a financial hardship." *Three Bros. Trucking, Inc.*, 2006 WL 1329883, at *3; *see also Murphy*, 362 F.3d at 1138 (finding that a plaintiff should not be required to travel from Oregon to Wisconsin due to the "combination of [his] alleged financial troubles and physical limitations"); *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135, 1142 (N.D. Cal. 2000) (finding that the "degree, combination, [and] cumulative effect of severe physical *and* economic disabilities" prevented plaintiffs from litigating in Florida rather than their home state of California). Indeed, "the weight of persuasive authority from this district and other jurisdictions suggest[s] that neither severe physical limitation nor economic hardship alone is generally enough." *Pratt v. Silversea Cruises, Ltd.*, No. C 05-0693 SI, 2005 WL 1656891, at *3 (N.D. Cal. July 13, 2005).

In support of their contention that enforcement of the forum selection clauses would deprive them of their day in court, Plaintiffs submit Discount's declaration, which proffers two reasons for Plaintiffs' alleged inability to litigate in the Southern District of New York: (1) Discount is financially unable to travel to New York and (2) Discount's six year

old son is a special needs child who cannot be left without supervision. (*Id.*) As to Plaintiffs' first reason, Discount states in his declaration that he is the sole full-time employee at Cycles, that he is physically present at the store every day that it is open, that he does not pay himself a salary, and that he has not taken a vacation since opening Cycles six years ago. (Discount Decl. ¶¶ 3-5.) Discount further asserts that if he "were required to fly to New York to litigate this case, he would lose approximately $1,000 to $1,500 in revenue per day." (*Id.* ¶ 7.) In essence, Discount maintains that without him, Cycles cannot run and that if the forum selection clauses are enforced, Discount would be forced to either close his business or dismiss the case in its entirety. (*Id.* ¶ 3; Opp'n at 5.) Discount declares that he would choose to dismiss the case and, therefore, that Plaintiffs would be deprived of their day in court. (*Id.*)

As to Plaintiffs' second reason, while the Court is certainly sympathetic to the child's situation, the child's disability is immaterial to the present inquiry because the child is not a party to the instant action. While Discount may "feel[] that leaving his wife alone with their son . . . is not in the best medical interests of his son, and is not fair to his wife[,]" (Discount Decl. ¶ 7), these concerns are insufficient to establish that Discount personally suffers from a severe physical disability resulting in an inability to travel to New York. *Cf. Murphy*, 362 F.3d at 1138 (discussing a plaintiff's personal injuries, which prevented him from driving or sitting in a vehicle for an extended period of time); *Walker*, 107 F. Supp. 2d at 1142 (discussing two plaintiffs, one of whom suffered from multiple sclerosis and one of whom was quadriplegic). To the extent Discount asserts that if he were gone more than one or two days, "his wife would have to hire someone to assist her with their son[,]" which they cannot afford to do, (*Id.* ¶ 7), the Court finds this duplicative of Plaintiffs' argument discussed above – namely, that Discount cannot afford to litigate in New York. Thus, based on Discount's declaration, Plaintiffs only proffer one reason for their inability to litigate in New York – that Discount lacks the financial resources to do so.

Here, even if the Court resolves all inferences in favor of Plaintiffs and credits Discount's contentions that it is financially impractical for Plaintiffs to litigate in New

York, this is insufficient for Plaintiffs to meet their heavy burden that they "would effectively be deprived of [their] day in court were the clause enforced." *See Murphy*, 362 F.3d at 1140. While Plaintiffs speculate that Discount's personal travel to New York will force him to close his business, there is no evidence that Discount's personal presence will be required in New York during the litigation. Plaintiffs, however, are represented by counsel, who are authorized to make appearances on their behalf. Indeed, "in a civil case, the plaintiff may have his 'day in court' without ever setting foot in a courtroom. If this were not the case, some gravely injured or otherwise incapacitated plaintiffs could not recover for their injuries." *Powell v. Carnival Cruise Lines*, 2005 WL 3080928, at *7 (E.D. Cal. Nov. 17, 2005). Furthermore, given that Plaintiffs have only proffered one reason for their inability to litigate and that "the weight of persuasive authority from this district and other jurisdictions suggest[s] that neither severe physical limitation nor economic hardship alone is generally enough," *Pratt*, 2005 WL 1656891, at *3, the Court finds that Plaintiffs have failed to meet the "high burden" of showing that enforcement of the forum selection clauses is unreasonable and that Plaintiffs will be effectively deprived of their day in court if this case is litigated in New York.

In conclusion, although Plaintiffs' alleged financial difficulties and familial situation might make litigation in New York more difficult, nothing suggests that it is impossible or "so gravely difficult and inconvenient that [Plaintiffs] will for all practical purposes be deprived of [their] day in court." *Bremen*, 407 U.S. at 18. Accordingly, Defendants' Motion is hereby **GRANTED**.

### B. DISMISSAL OR TRANSFER

Under 28 U.S.C. § 1406(a), if improper venue has been established, the Court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Where a Rule 12(b)(3) motion is granted based on a forum-selection clause, transfer is more in the interest of justice than dismissal. *Powell*, 2005 WL 3080928, at *7. Accordingly, the Court hereby **ORDERS** that this case be transferred to the United States District Court for the Southern District of New York for all further proceedings.

## V. CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue is hereby **GRANTED**. The Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

June 22, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE